IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOSEPH ALEXANDER BURPEE** § | | |
| **Comal County #644889** § | | |
| § | | |
| **V.** § | | **A-22-CV-176-LY** |
| § | | |
| **HAYS COUNTY and GARY CUTLER** § | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Joseph Alexander Burpee's complaint. Burpee, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.

**I. STATEMENT OF THE CASE**

Burpee originally brought suit against Hays County, Comal County Sheriff Mark Reynolds, and Hays County Sheriff Gary Cutler. At the time he filed his complaint, Burpee was confined in the Comal County Jail. Burpee complains Hays County Sheriff Gary Cutler transferred him to the Comal County Jail, but the Comal County Jail was not equipped to handle the surplus inmates from Hays County. Burpee further complains, while confined in the Comal County Jail, he was not provided

adequate medical treatment, heat, or drinking water. Burpee seeks $1 million for "continued medical care and issues arising from heavy metal contamination."

The Court severed Burpee's claims against Sheriff Mark Reynolds from Burpee's claims against Hays County and Sheriff Gary Cutler. The Court transferred the newly opened case against Sheriff Mark Reynolds to the San Antonio Division of the Western District of Texas. Burpee's claims against Hays County and Sheriff Cutler remain in this case.

## II. DISCUSSION

### A. Civil Rights Claims

According to 28 U.S.C. § 1915A(b)(1), the court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether

a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), the court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

### B. Transfer to Comal County

Burpee claims Hays County and Hays County Sheriff Gary Cutler violated his constitutional rights by transferring him to the Comal County Jail. Burpee alleges his conditions of confinement in the Comal County Jail violate his constitutional rights. Burpee fails to state a claims upon which relief may be granted against Hays County or Hays County Sheriff Gary Cutler.

A prisoner does not have a constitutional right to be incarcerated in the prison of his choice. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see Olim v. Wakinekona*, 461 U.S. 234, 245 (1983) (holding prisoner has no reasonable expectation of being incarcerated in particular prison); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility."). Inmates generally have "no Fourteenth Amendment liberty interest in being imprisoned at one carcel rather than other, even if 'life in one is much more disagreeable than in

another....'" *Maddox v. Thomas*, 671 F.2d 949, 950 (5th Cir. 1982) (quoting *Meacham*, 427 U.S. at 225).

### III. CONCLUSION

Burpee's only allegations against Hays County and Sheriff Gary Cutler is that Burpee was transferred to the Comal County Jail where he alleges his conditions violate his constitutional rights. Burpee fails to state a claim that rises to the level of a constitutional violation against Hays County or Sheriff Gary Cutler. To the extent Burpee contends his rights were violated in Comal County, those claims will be litigated in his suit brought against Comal County Sheriff Mark Reynolds.

### IV. RECOMMENDATION

It is therefore recommended that Burpee's complaint brought against Hays County and Sheriff Gary Cutler is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Burpee be warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this report and recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

### V. OBJECTIONS

Within 14 days after receipt of the report and recommendation, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** this 11th day of April 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE